# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10989
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gumaro Maldonado-Sandoval,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-135-1

———————————————————————

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Gumaro Maldonado-Sandoval appeals the term of imprisonment imposed following his guilty-plea conviction for illegal reentry after removal. He argues that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on facts that are not alleged in the indictment, admitted by

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10989

the defendant, or found by a jury beyond a reasonable doubt.  Maldonado-Sandoval concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he merely raises this issue to preserve it for further review.  The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file a brief.

Because Maldonado-Sandoval is correct that his argument is foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019), summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.